Millard L. Midonick, J.
The threshold problem is whether this court, a statutory State court of record, has the duty to disregard last month’s modification by the original court of an admittedly valid original decree of a court of competent jurisdiction of a sister State in respect to support of and visitation with three children of these divorced parents; and in that event, in what respects the original decree should be modified.
The original decree of divorce, custody and support made by the Circuit Court of St. Louis, Missouri, and handed down on October 1, 1962, was admittedly valid, having been rendered by the appropriate court of the then marital and children’s domicile, the mother then plaintiff, and the father then defendant, being personally before that court. Indeed, the 1962 decree was on consent, without evidence as to child support, custody and visitation other than the incorporation of a separation agreement of the parents which survived.
.The issues litigated before me on September 23, 1966, the father at long last having expressly submitted personally to the jurisdiction of this court, previous affidavits and briefs to the contrary notwithstanding, were the plenary issues of what modification should be made to the support provisions of the October 1, 1962 St. Louis decree, under section 461 of the Family Court Act, and what modification should be made in the custodial arrangements, including visitation, of the October 1, 1962 St. *777 Louis decree, under section 654 (formerly § 468) of the Family Court Act. It is difficult to give any consideration to the purported order of modification of August 24, 1966, by the Circuit Court of St. Louis, in view of the absence of both parties and the children from domicile in Missouri for three and one-half years, and the earlier commencement of this petition by the mother. The subsequent return of the respondent father to Missouri to present his application for modification to the original divorcing court was made on short notice to'mother in New York City, to which she did not respond. The Missouri court proceeded to hear father, on default of mother, although that court had long since lost all contact with these parents and children, except for the doctrine of continuing jurisdiction, a technical hold at best.
This petition for modification and enforcement was brought here by the mother on July 13, 1966. While she and the three children, now aged 9%, 8 and 6%, have been domiciled in New York County since January, 1963 (as expressly permitted in the separation agreement and the original decree), so the respondent father also permanently moved his domicile from Missouri to Chicago, Illinois, in January, 1963.
In an astonishing tour de'force, this father, upon learning by mailed notices to his Wall Street office in this county, and to his Chicago home, of the July 13, 1966 petition herein, returned to the St. Louis Circuit Court and moved there for a modification of its October 1,1962 decree. Personal notice of that application was served on the mother in New York County on August 19, 1966. Five days later, without her presence or appearance or response in any way, after ex parte hearings attended only by the respondent father and his attorney, the St. Louis Circuit Court rendered its order of modification on August 24, 1966.
The occasion for modification of the October 1,1962 decree by any court which can give due process of law to both parties, and to the children, is in part the remarriage of the mother in February, 1966, and also the further changes of circumstances in respect to the children. The original divorce decree, given on consent by the agreement, afforded these three children $83.33 each per month ($1,000 each per year) and the mother $12,200 per year as alimony. The alimony expressly was to cease upon remarriage. Also, because of failure to exercise escrow rights on time, about $7,800 of a $10,000 agreed sum for rehousing these children reverted to the father.
On the hearings ex parte, the' modification rendered by the Circuit Court of St. Louis County,- Missouri, dated August 24, 1966, provided in its entirety as follows:
*778 “ How at this day comes the defendant in person and by his attorney, and the plaintiff fails to appear, and the hearing op Defendant’s Motion to Modify is resumed, and the Court having heard and duly considered the Defendant’s Motion to Modify Decree, and being sufficiently advised of and concerning the premises, doth order that the decree of divorce rendered herein on the 1st day of October, 1962, be modified, so that
‘ ‘ 1. Increase the amount of child support payable by defendant to plaintiff from $83.33 per month for each of the three minor children of the parties to $166.67 per month for each such child so long as such child shall physically reside in the household and be in the actual custody of plaintiff, and during such time as any such child shall have boarding residence in a school or college, to pay such monthly sum less expenses of room and board paid by the defendant directly to the school or college allocable to such month, and
“2. Increase defendant’s rights to temporary custody of said children from six weeks each summer to the period of June 10th to August 25th each summer, and from Easter and Christmas school vacations in alternate years to each Easter school vacation and alternate Christmas school vacations.”
The invalidity and gratuitousness of the above purported unilateral modification by a court not of the children’s (or the divorced parents’) domicile is apparent upon its face. Why should a father seek “ relief ” as to child support by increasing his obligation? His “ remedy ” for an increase is simply to write larger checks to the order of the custodial mother, which indeed he has been doing since at least the July payment in the self-chosen sum of $500 per month, double the amount of the original order, without the need of any help or relief from any court. Perhaps the mother can demand an increase of money in the original court, on reasonable notice, not the obligor. As for custodial or visitation relief demanded by father, this is peculiarly beyond the power of a court long since not the court of the jurisdiction in which the children are domiciled or residing, nor either of the divorced parents. (Cf. May v. Anderson, 345 U. S. 528; Ford v. Ford, 371 U. S. 187.) This is expressly the rule where one parent’s evidence was not before the prior court. (Halvey v. Halvey, 330 U. S. 610; Matter of Bachman v. Mejias, 1 N Y 2d 575; see 2 Foster and Freed, Law and the Family — New York, § 29:34, 35. [1966].)
There is no evidence whatsoever that the St. Louis Court heard any evidence of change of circumstances warranting increasing the already substantial contractual visitation rights of the father “ at any time upon reasonable notice,” in addition *779 to six weeks’ vacation with father each Summer, and Easter or Christmas school vacations in alternate years. The father is evidently given week-end visitations whenever he gives reasonable notice; he made no complaint at the New York hearing of any limitation of the short visitations, instead expressing pleasure at the recent visitation which he and the children enjoyed.
The St. Louis modification of Summer vacations from six weeks to two and one-half months is obviously unwarranted, and has no support in the record herein.
On the other hand, the increased age of these three girls makes reasonable that father have them either Easter or Christmas school vacation each calendar year, the choice to be made by the mother. If "that has been the practice, so much the better; read logically, the agreement means either Easter or Christmas every two years.
The St. Louis court had no intimation of two serious injuries suffered by the children during the visitations with father, one involving a wound requiring 120 stitches, and another leaving a scar. While this is alleged in the petition herein to have been caused by father’s “negligence”, no evidence substantiating such an allegation was offered, and none is found. Instead, the mother proved that the children during visitation were occasionally left overnight in the care of adults who were neither father nor grandparent, that a nurse was needed, and that undivided attention to the children should be assigned to some adult. This will be remedied in our order of modification, in a manner which both parties and attorneys deemed satisfactory as expressed at the hearing.
Whatever technical “jurisdiction” the Circuit Court of St. Louis, Missouri, retained since its October 1, 1962 decree of divorce, after the departure of the mother and children to a new domicile in New York (she was by the October 1, 1962 decree expressly “ permitted to remove said children from the State of Missouri to her residence in New York”), and of the father to a new domicile in Illinois, both in January of 1963, it is clear from the decisions of the Supreme Court of the United States that unless both parents consented to the modification of August 24, 1966, which the mother on behalf of the children does not, or appeared in the St. Louis court in an adversary modification hearing, which the mother on behalf of the children did not, or at least unless the absent parent were given personal notice and ample time to prepare and appear, which five days’ or less notice from St. Louis to New York City is not, then the effort of the father to invoke the authority of the St. Louis *780 modification order of August 24, 1966 runs afoul of the due process clauses of the United States Constitution. (Griffin v. Griffin, 327 U. S. 220.) (The alimony judgment by original decretal court, to the extent of the portion of it rendered years later without notice afforded to defendant, and without appearance by defendant, even though plaintiff continued to be domiciled in decretal jurisdiction, was a ‘ ‘ judgment obtained in violation of procedural due process ’ ’ and ‘ ‘ is not entitled to full faith and credit when sued upon in another jurisdiction * * * Moreover, due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process. Restatement of Judgments, § 11 Comment c.” So held Mr. Chief Justice Stone for the Supreme Court in Griffin v. Griffin, supra, pp. 228-229). (Cf., 2 Foster and Freed, Law and the Family — New York [1966], § 26:3, 4.)
The views of the Supreme Court in respect to custodial arrangements, requiring that no effect be given the views of a court which had never obtained personal jurisdiction over the mother, as against a court where the children involved are physically residing with their mother, are sufficiently vividly set forth in May v. Anderson (345 U. S. 528), so that I am careful to hold that no credit whatsoever is now given to the August 24.1966 purported modification of the Circuit Court of St. Louis. This father’s request for increased visitation as there set forth on August 24, 1966, and his voluntary proposed increase for support of his children by doubling the consent decree figures of October 1, 1962, are duly noted merely as evidence strongly indicating that even the father concedes that the former consent decree is no longer controlled by the original circumstances; this court is the first since October 1, 1962 to have personal jurisdiction and appearance of both parents, as well as the domicile of the children physically residing here in New York County; consequently this court is therefore proceeding to dispose of the matter on bilateral evidence wholly independent of the void modification order of the St. Louis court rendered August 24, 1966.
Apart from its lack of extraterritorial effect outside Missouri, and the fatal defectiveness of the order of modification of August 24.1966 even within Missouri under the due process clauses, the reasoning of the appellate courts of Missouri seems to disapprove of custodial decrees rendered on inadequate notice to the mother having the children in her physical care, such as notice by publication. (Cf. Sanders v. Sanders, 223 Mo. App. 834, *781 837-838, cited with approval in May v. Anderson, 345 U. S. 528, 535, n. 8.)
Not only is the lack of procedural due process indicated by Griffin (supra), as well as a lack of in personam jurisdiction indicated by May (supra), but the extension of the doctrine of Missouri in the Sanders case (supra), as well as of the doctrines of Griffin and May, seems required by the strong policy of the Supreme Court favoring bilateral custodial decrees, rather than consent custodial decree awards by a former court not fully advised of the welfare of the children by both parents. (Cf. Ford v. Ford, 371 U. S. 187, 192-193; Ford v. Ford: Full Faith and Credit to Child Custody Decrees ?, 73 Yale L. J. 134.)
The personal notice given in this instance was exactly three days before the modification hearings began (notice served on August 19 for mother to appear for commencement of hearings on the merits on August 22,1966), a period I hold to be unreasonably short even if mother were living next door to the courthouse, the unreasonableness aggravated here by the distances involved, the mother’s difficulty in arranging for the care of three young children on such a demand for her attendance in Missouri, and another about to be born to her in New York City in the very week of the notice of the hearings, and the absence of funds for such excursion. This court, unlike the St. Louis court, was careful to give the respondent many weeks to appear voluntarily in New York for hearing which he finally did on September 23, 1966; no warrant was issued for his arrest in view of the circumstances, although one would eventually have been effective to secure jurisdiction here, in view of his desire to see his children domiciled in New York, and to attend to his business, one of whose principal offices is on Wall Street. (Family Ct. Act, §§ 421, 428.) No order of sequestration was made of his interest in his Wall Street partnership which remits to him more than $40,000 annually attributable to New York earnings. (Family Ct. Act, § 429.) Pending these many weeks, this court merely issued, without objection from respondent’s counsel, a temporary order of protection restraining the father from disturbing the custody of the children by the mother. (Family Ct. Act, § 430.)
Putting aside the shortness of notice, we turn to the reasonableness or appropriateness of the resort to Missouri by the father who needs no financial relief and has no financial grievance and who was not moved to seek visitational changes in Missouri until the month after the mother commenced modifica *782 tion proceedings in New York, Such a resort to a distant court of a jurisdiction not the present domicile of either parent or the children, no matter how much time the other, reluctant parent may be afforded to appear at the modification, is ineffective. The obvious inconvenience and inappropriateness of such a forum, despite technical “ jurisdiction ” basis as a residuum from the original personal jurisdiction of October 1, 1962, is so pervasive as to raise such inconvenience and inappropriateness to the level of denial of procedural due process of law. Geographic distance can be so unreasonable that even personal service and ample time cannot cure the yawning chasm between the Mississippi and the Atlantic, when the forum of the children’s and mother’s domicile is readily accessible to father on his constant business trips and visitation trips to this jurisdiction. Brazen forum shopping by father, after institution by mother of a reasonable effort to modify in the children’s forum, cannot be condoned. It would in these circumstances seem that the St. Louis court cannot, in any way that can be denominated due process of law, compel the mother to appear to answer for the rights of her nonresident children on the motion of a similarly nondomiciled father. That forum is too utterly lacking in convenience or appropriateness for due process ever to be satisfied, unless the mother submits voluntarily to what would otherwise be a groundless imposition upon her, and upon the absent children.
[Discussion on the merits omitted. The court determined that “ On the basis of the evidence and the considerations outlined above, the petition for modification and enforcement of the said decree of the Circuit Court of St. Louis County, Missouri, rendered on the 1st day of October, 1962, is granted only to the following extent, and said decree is hereby modified by the following order: Details of order omitted.]